DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, that terminated the parental rights of appellant Roberta C. and awarded permanent custody of her child Jared C. to appellee Lucas County Children Services Board ("LCCS"). For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Jared C. was born September 16, 2003, and is appellant's eleventh child. On September 22, 2003, the agency filed a Complaint in Dependency: Permanent Custody regarding Jared. An emergency shelter care hearing was held that same day and the trial court granted temporary custody of Jared to LCCS. Paternity of the child has not been established, although appellant named two possible fathers, neither of whom expressed an interest in establishing paternity or caring for Jared.
 {¶ 3} On November 26, 2003, the matter proceeded to adjudication. The trial court heard the testimony of Katrina Berry, an investigative caseworker with LCCS who received the referral regarding Jared when he was born. Berry testified that she attempted to arrange visitation between appellant and Jared and that she encouraged appellant to have contact with the child. She further testified that on October 2, 2003, she arranged for a visitation but that appellant failed to attend and did not call to cancel. Nikki Caldwell, the family's ongoing caseworker, testified as to her contact with the two alleged fathers. She further testified that she met with appellant on October 16, 2003, and encouraged her to participate in services. She stated that appellant was not employed and that her only source of income was $300 per month from a tenant who usually did not pay her.
 {¶ 4} LCCS presented six exhibits. Exhibit 1 was the judgment entry from the 1998 adjudication/disposition hearing regarding nine of appellant's other children. The judgment entry included findings of physical and sexual abuse; domestic violence;
 {¶ 5} educational neglect in that the children had not been sent to school for years; a lack of medical documentation of immunizations for any of the children; and dental neglect. Temporary custody of the children was awarded to the agency and case plan services were implemented.
 {¶ 6} Exhibit 2 was the judgment entry from the June 2001 permanent custody hearing in which the trial court awarded permanent custody of seven of the children to the agency. Legal custody of one child was awarded to the maternal grandmother; the ninth child was emancipated by the date of the permanent custody hearing. The court found that appellant had not cooperated with the case plan and that no progress had been made to remedy the conditions which had caused the removal of the children from the home. Exhibit 3 was this court's decision affirming the trial court's June 2001 decision. See In the matter of: Crystal C.,Tammy C., Ernest C., Billy C., Courtney C., David C., Justin C.and Alex W. (Mar. 1, 2002), 6th Dist. No. L-01-1336. Exhibit 4 was the trial court's judgment entry awarding permanent custody of appellant's tenth child to the agency and Exhibit 5 was this court's decision affirming that judgment entry. See In thematter of: Alizah W. a/k/a Baby Girl W., 6th Dist. No. L-02-1333, 2003-Ohio-2133. Exhibit 6 consisted of Toledo Police Department records indicating numerous occasions of domestic violence between appellant and various family members.
 {¶ 7} At the conclusion of the testimony and upon admission of the six exhibits, the trial court adjudicated Jared a dependent child. The matter proceeded immediately to permanent custody disposition. Caseworker Nikki Caldwell further testified that she had tried to persuade appellant to make use of services. She testified that she advised appellant that it was important to see her child but that appellant declined, claiming that it would be "too hard." Caldwell scheduled a visit between appellant and Jared in November but appellant canceled. When Caldwell later asked appellant if she wanted to visit Jared, appellant responded, "What for?" Caldwell testified to her belief that it was in Jared's best interest for LCCS to be awarded permanent custody of Jared so that an adoptive placement could be made. She stated that appellant had demonstrated a lack of commitment to her child by her failure to visit with him.
 {¶ 8} Molly Wolff, mother of one of Jared's alleged fathers, testified that Jared had been placed in her home following the shelter care hearing. She testified as to her desire to adopt Jared. She further stated that since Jared had been placed in her home appellant had never contacted her to inquire about Jared's well-being. Wolff also testified that she would not allow appellant into her home due to threats of violence appellant made toward her.
 {¶ 9} Appellant then testified on her own behalf. She stated that no one wanted to hear anything good about her and that various people had lied during proceedings involved with prior cases. Appellant stated that she had no income and was not employed. She further testified that she had not visited with Jared because she had been having a lot of problems lately and confirmed that she had not seen Jared since he had been released from the hospital after his birth.
 {¶ 10} Jared's guardian ad litem filed a report in which she recommended that LCCS be awarded permanent custody of Jared.
 {¶ 11} The trial court took judicial notice of the exhibits which had been admitted at the adjudication phase of the case. Upon consideration of the exhibits and the testimony, the trial court found that there was clear and convincing evidence that Jared could not or should not be placed with either parent within a reasonable period of time; that LCCS made reasonable efforts to prevent the continued need for removal of the child from the home; that returning the child to the home would not be in his best interest; that appellant has had her parental rights terminated as to Jared's siblings; that an award of permanent custody would facilitate an adoptive placement; and that Jared is in need of a legally secure permanent placement. Accordingly, the trial court awarded permanent custody of Jared to LCCS. It is from that judgment that appellant appeals.
 {¶ 12} In support of her appeal, appellant presents the following assignment of error:
 {¶ 13} "That the Juvenile Court erred in that the evidence lacked the clear and convincing standard that Roberta C., mother, would not be able to adequately parent in the near future as required by O.R.C. 2151.414."
 {¶ 14} Appellant asserts that she was never given the opportunity to show the court or LCCS her ability to adequately parent Jared.
 {¶ 15} Pursuant to R.C. 2151.353 (A)(4), if a child is adjudicated an abused, neglected, or dependent child, the court may "[c]ommit the child to the permanent custody of a public
 {¶ 16} children services agency or private child placing agency, if the court determines in accordance with division (E) of section R.C. 2151.414 * * * of the Revised Code that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines in accordance with division (D) of section 2151.414
* * * of the Revised Code that the permanent commitment is in the best interest of the child. * * *" {¶ 17} In granting a motion for permanent custody, the trial court must find that there is clear and convincing evidence that one or more of the conditions listed in R.C. 2151.414(E) exists as to each of the child's parents. If, after considering all the relevant evidence, the court determines, by clear and convincing evidence, that one or more of those conditions exists, the court can and must enter a finding that the child cannot be placed with either of his or her parents within a reasonable time or should not be placed with either parent. Only if these findings are supported by clear and convincing evidence can a juvenile court terminate the rights of a natural parent and award permanent custody of a child to a children services agency. In re William S. (1996),75 Ohio St.3d 95. Clear and convincing evidence is evidence sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 18} Pursuant to R.C. 2151.414(D), in determining the best interest of a child, the court shall consider all relevant factors, including the following:
 {¶ 19} "(4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency; and
 {¶ 20} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 21} The trial court in this case indicated that in making its decision it considered Jared's need for a legally secure permanent placement. Further, the trial court indicated that its finding that permanent custody was in Jared's best interest was also based on division (E)(11) of R.C. 2151.414, which states that the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent if "[t]he parent has had parental rights involuntarily terminated pursuant to this section * * * with respect to a sibling of the child." As the evidence summarized above indicates, appellant's parental rights to eight of Jared's siblings had been terminated prior to the hearing in this case.
 {¶ 22} Based on a thorough review of the record in this case and the law, we find that the trial court thoroughly considered the evidence presented as it related to Jared's best interest and properly applied all relevant law. The trial court's findings were supported by clear and convincing evidence. Accordingly, the trial court did not err by terminating appellant's parental rights as to Jared and appellant's sole assignment of error is not well-taken.
 {¶ 23} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Pursuant to App.R. 24, costs of this appeal are assessed to appellant.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Lanzinger, J., Concur.